UNITED STATES JUDICIAL PANEL
on
MULTIDISTRICT LITIGATION

FILED IN CLERK'S OFFICE
U.S.D.C. Atlanta

OCT 17 2013

JAMES N. HATTEN, CLERK
By: [signature] Deputy Clerk

IN RE: CAMP LEJEUNE, NORTH CAROLINA
WATER CONTAMINATION LITIGATION
Geoffery D. Johnston v. Administrator of the )
    Environmental Protection Agency, et al., ) MDL No. 2218
    S.D. West Virginia, C.A. No. 3:13-10995 )

## TRANSFER ORDER

**Before the Panel:**[*] Pursuant to Rule 7.1, plaintiff moves to vacate our order that conditionally transferred this action (*Johnston*) to MDL No. 2218. The United States opposes the motion to vacate and favors inclusion of this action in MDL No. 2218.

After considering all argument of counsel and plaintiff, we find this action involves common questions of fact with the actions previously transferred to MDL No. 2218, and that transfer will serve the convenience of the parties and witnesses and promote the just and efficient conduct of the litigation. Moreover, transfer is warranted for reasons set out in our order directing centralization. In that order, we held that the Northern District of Georgia was an appropriate Section 1407 forum for actions sharing factual questions arising from alleged death or injuries due to contaminated drinking water on the Marine Corps Base at Camp Lejeune, North Carolina. *See In re: Camp Lejeune, North Carolina Water Contamination Litig.*, 763 F. Supp. 2d 1381, 1381 (J.P.M.L. 2011).

It is clear that *Johnston* shares questions of fact with the MDL No. 2218 actions and that discovery among the actions will substantially overlap. As do the MDL No. 2218 plaintiffs, the *Johnston* plaintiff alleges that he was exposed to contaminated drinking water while stationed at Camp Lejeune. Plaintiff's primary argument against transfer is that he is a West Virginia resident, and transfer would be inconvenient and financially burdensome. We are sympathetic to plaintiff's circumstances, but we find this argument unpersuasive. The Panel repeatedly has held that, while transfer of a particular action might inconvenience some parties to that action, such a transfer is often necessary to further the expeditious resolution of the litigation taken as a whole. *See, e.g., In re: Crown Life Ins. Premium Litig.*, 178 F. Supp. 2d 1365, 1366 (J.P.M.L. 2001). Moreover, Section 1407 transfer concerns pretrial proceedings only, and parties generally need not travel to the transferee district. Any deposition of plaintiff likely will take place in his home district. Furthermore, plaintiff notes that he has attempted, but has been unable, to secure representation by an attorney. Transfer will allow plaintiff to benefit from the discovery obtained and other work performed by liaison counsel for plaintiffs in MDL No. 2218.

---

[*] Judge Sarah S. Vance did not participate in the disposition of this matter.

-2-

IT IS THEREFORE ORDERED that pursuant to 28 U.S.C. § 1407, this action is transferred to the Northern District of Georgia and, with the consent of that court, assigned to the Honorable J. Owen Forrester for inclusion in the coordinated or consolidated pretrial proceedings.

PANEL ON MULTIDISTRICT LITIGATION

_____
John G. Heyburn II
Chairman

Kathryn H. Vratil          Paul J. Barbadoro
Marjorie O. Rendell        Charles R. Breyer
Lewis A. Kaplan

ATTEST: A TRUE COPY
CERTIFIED THIS

OCT 17 2013

James N. Hatten, Clerk
By: _____
    Deputy