IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| IN RE CAMP LEJEUNE, NORTH CAROLINA WATER CONTAMINATION LITIGATION | MDL DOCKET NO. 1845 1:11-md-2218-TWT |
|---|---|

# OPINION AND ORDER

This is an MDL proceeding involving Federal Tort Claims Act cases arising out of alleged ground water contamination at Camp Lejeune. It is before the Court on the Plaintiff Andrew U.D. Straw's Second Motion for Reconsideration [Doc. 236], and his Motion Withdrawing Appeal and Seeking Transfer [Doc. 249]. Rule 59(e) of the Federal Rules of Civil Procedure authorizes district courts upon motion to alter or amend a judgment.[1] "The decision to alter or amend judgment is committed to the sound discretion of the district judge and will not be overturned on appeal absent an abuse of discretion."[2] The Federal Rules of Civil Procedure do not specifically authorize motions for reconsideration. Nevertheless, such motions are common in practice.

Local Rule 7.2 provides that motions for reconsideration are not to be filed "as a matter of routine practice," but only when "absolutely necessary."[3] A party may move

---

[1] *See* Fed. R. Civ. Proc. 59(e).

[2] *American Home Assurance Co. v. Glenn Estess & Assocs.*, 763 F.2d 1237, 1238-39 (11th Cir. 1985) (citing *Commodity Futures Trading Comm'n v. American Commodity Group Corp.*, 753 F.2d 862, 866 (11th Cir. 1984)).

[3] L.R. 7.2E.

for reconsideration only when one of the following has occurred: "an intervening change in controlling law, the availability of new evidence, [or] the need to correct clear error or prevent manifest injustice."[4] Further, a party "may not employ a motion for reconsideration as a vehicle to present new arguments or evidence that should have been raised earlier, introduce novel legal theories, or repackage familiar arguments to test whether the Court will change its mind."[5]

The Plaintiff has failed to demonstrate any new evidence, any changes in law, or any reasons as to why the Court was wrong in its original analysis. The Court also notes that this is the Plaintiff's second borderline frivolous motion for reconsideration. Motions for reconsideration are only to be filed when absolutely necessary. The Court gently reminds the Plaintiff, who is himself an attorney, of his obligations under Rule 11 of the Federal Rules of Civil Procedure. The Plaintiff's Motion for Reconsideration is DENIED.

---

[4] *Godby v. Electrolux Corp.*, No. 1:93-CV-0353-ODE, 1994 WL 470220, at *1 (N.D. Ga. May 25, 1994).

[5] *Brogdon v. National Healthcare Corp.*, 103 F. Supp. 2d 1322, 1338 (N.D. Ga. 2000); see also *Godby*, 1994 WL 470220, at *1 ("A motion for reconsideration should not be used to reiterate arguments that have previously been made ... '[It is an improper use of] the motion to reconsider to ask the Court to rethink what the Court [has] already thought through-rightly or wrongly.'") (quoting *Above the Belt, Inc. v. Mel Bohannan Roofing, Inc.*, 99 F.R.D. 99, 101 (E.D. Va.1983)) (alterations in original); *In re Hollowell*, 242 B.R. 541, 542-43 (Bankr. N.D. Ga. 1999) ("Motions for reconsideration should not be used to relitigate issues already decided or as a substitute for appeal ... Such motions also should not be used to raise arguments which were or could have been raised before judgment was issued.").

The Plaintiff's Motion Withdrawing Appeal and Seeking Transfer is also DENIED. The Eleventh Circuit Court of Appeals now has jurisdiction over the Plaintiff's appeal; should he wish to voluntarily dismiss it, he should bring that up with them. It is also much too late to seek a transfer of this case now. If the Plaintiff is unhappy with this Court's decision, the appropriate path forward is to appeal it to the Eleventh Circuit, not to seek a second opinion from another district court.

SO ORDERED, this 29 day of January, 2018.

/s/Thomas W. Thrash
THOMAS W. THRASH, JR.
United States District Judge